Robert G. Wing (4445) rgw@princeyeates.com
Jennifer R. Korb (9147) jrk@princeyeates.com
Jared N. Parrish (11743) jnp@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
15 West South Temple, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 524-1000
Facsimile: (801) 524-1098

*Attorneys for Receiver Gil A. Miller*

FILED
U.S. DISTRICT COURT
2013 SEP -6 P 6:02
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIL A. MILLER, as Receiver for IMPACT PAYMENT SYSTEMS, LLC, and IMPACT CASH, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE DOME INVESTMENTS, LLC, a Utah limited liability company; AARON W. BISHOP, an individual,<br><br>Defendants. | **COMPLAINT**<br>**(Ancillary Suit)**<br><br>Civil No. _____<br><br>Judge David Nuffer |

Gil Miller, the Receiver for Impact Cash and Impact Payment Systems, complains as follows:

## STATEMENT OF THE CASE

1. Gil A. Miller is the Receiver for Impact Payment Systems, LLC and Impact Cash, LLC ("Impact"). Impact was operated as a Ponzi scheme and transferred funds to the

Case: 1:13-cv-00125
Assigned To : Nuffer, David
Assign. Date : 09/09/2013
Description: Miller v. Blue Dome Investments et al

Defendants. The Receiver seeks, for the benefit of the Impact Cash and Impact Payments receivership estate, the return of assets transferred to the Defendants.

## PARTIES, JURISDICTION AND VENUE

2. Mr. Miller was appointed Receiver on March 25, 2011, in *SEC v. John Scott Clark, et al.,* Civil No. 1:11cv46 (the "SEC Action").

3. Blue Dome Investments, LLC ("Blue Dome") is a Utah limited liability company.

4. On information and belief, Aaron W. Bishop is an owner and operator of Blue Dome.

5. Jurisdiction is proper in this Court. This Court established Impact's receivership and has jurisdiction over its ancillary actions. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 754.

6. Venue is proper in this particular court because Impact operated in Logan, Utah. Venue is also proper in this Court pursuant to 28 U.S.C. § 754 and 28 U.S.C. § 1692.

## FACTUAL PREDICATE

7. Impact operated fraudulently. John Scott Clark told Impact's investors their money would be used to fund segregated payday loans, from which they would receive the net proceeds. He did not operate Impact in this manner.

8. John Scott Clark made misrepresentations about the nature of investors' security. He told many of the investors that they would own the payday loans that were

funded by their investment, and that they would also own any subsequent loans made to a particular borrower.

9. Impact misrepresented its rate of return, and return on investment, in some instances telling investors they would receive a return averaging 35% to 40% per year. In at least one instance, an investor was told he could double his money in two weeks.

10. John Scott Clark did not use funds for the purposes represented to investors. For example, commingled money went into an entity named Cedar Marketing, from which John Scott Clark paid undisclosed bonuses to himself and others. John Scott Clark purchased luxury automobiles and recreational vehicles and a home with company assets, without disclosing these purchases to investors.

11. John Scott Clark improperly accounted for Impact revenues. He instructed the accounting department to record all payments from customers as income instead of allocating the payments between principal, interest and/or fees. This had the effect of overstating revenues and receivables in the financial statements, which were shown to prospective investors.

12. He represented to investors that their money would be segregated. In fact, it was commingled.

13. Impact was operated as a Ponzi scheme. In addition to commingling assets, Impact used new investor money to pay old investors.

14. In an order dated May 11, 2012, in the SEC Action (Docket No. 184), the Court concluded that Impact was operated as a Ponzi scheme before the appointment of the Receiver.

15. Impact was therefore insolvent from its inception, and while insolvent, Impact transferred money to Blue Dome.

16. Impact transferred money to Blue Dome with the actual intent to hinder, delay or defraud its creditors. John Scott Clark's manipulation of Impact's investor account balances is one example of Impact's intent to defraud.

17. Blue Dome invested money in Impact. Blue Dome received returns on its investment from Impact, but did not take the funds in good faith.

## FIRST CLAIM FOR RELIEF

### (Fraudulent Transfer Against Blue Dome)

18. Impact operated fraudulently and as a Ponzi scheme.

19. Blue Dome received hundreds of thousands of dollars from Impact.

20. Because Impact operated fraudulently, and as a Ponzi scheme, as a matter of law the transfers were made with the intent to hinder, delay or defraud creditors of Impact.

21. Blue Dome did not take the transfers in good faith, particularly where it took the payments when on inquiry notice that Impact was insolvent and/or operating with a fraudulent purpose.

## SECOND CLAIM FOR RELIEF

### (Fraudulent Transfer Against Mr. Bishop)

22. Mr. Bishop received, on information and belief, money from Impact through Blue Dome, which was a mere conduit.

23. Because Impact operated fraudulently, and as a Ponzi scheme, as a matter of law the transfers were made with the intent to hinder, delay or defraud creditors of Impact.

24. Mr. Bishop did not take the transfers in good faith, particularly where he took the payments when on inquiry notice that Impact was insolvent and/or operating with a fraudulent purpose.

**WHEREFORE**, Plaintiff prays as follows:

A. That the Plaintiff be awarded damages against the Defendants in an amount to be determined at trial, plus prejudgment and post judgment interest, costs and attorneys fees;

B. For such other relief as the Court may allow.

**DATED** this 6th day of September, 2013.

        **PRINCE YEATES & GELDZAHLER**

        /s/ Jennifer R. Korb
        Robert G. Wing
        Jennifer R. Korb
        Jared N. Parrish
        Attorneys for Receiver Gil A. Miller